IN RE ESTATE OF FRED C. KROTTER.
DEAN KROTTER ET AL., APPELLANTS, V. HITCHCOCK COUNTY
ET AL., APPELLEES.
287 N. W. 613

FILED SEPTEMBER 22, 1939.   No. 30521.

*Charles M. Bosley*, for appellants.

*Harry L. Lehman, Victor Westermark* and *Carl H. Swanson*, *contra*.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.
This is an appeal involving the value of property for inheritance tax purposes.   The appellants are the heirs of Fred C. Krotter, of Hitchcock county, who died intestate in 1936, owning considerable real estate and common stock in a corporation bearing his name.   The county court appointed an appraiser of the estate for inheritance tax pur-

(783)

poses. The appraiser made his report, and an order fixing the inheritance tax was made. An appeal was taken by the appellant heirs, and, upon hearing, the county court modified the appraiser's report as to four items of property, and sustained the appraiser's findings as to the balance of the report. An appeal was taken to the district court, praying for a further reduction in the valuation of the property involved.

Involved in the appeal was the value of nine items of property in Hayes county and two items of property in Dundy county belonging to Fred C. Krotter, and thirteen items of property belonging to the F. C. Krotter Company, a corporation. The property of the corporation was appraised to determine the value of the common stock, which passed by inheritance to the appellants. The testimony before the appraiser was offered and received as evidence before the district court. Additional evidence was offered in the district court.

The district court sustained the appraiser on five items and reduced the value fixed by the appraiser on nineteen items. This court is asked to reduce further the values fixed by the district court.

As usual in such cases, there was considerable discrepancy between the estimates of value placed upon the property by the witnesses for the contending parties. There was likewise the usual variations in the witnesses as to qualifications, knowledge of values, and interest in the outcome.

Two county commissioners and one former county commissioner of Hayes county testified as to the value of seven items in Hayes county. The appraiser (except as to the value fixed by one of the commissioners as to one piece of land) in every instance found the value to be less than that fixed by the commissioners, and the district court further reduced the appraiser's estimate on five of the seven items.

In appraising property for inheritance tax purposes, the basis of valuation is the cash value at the date of the death of the decedent, and that is ascertained by determining the amount of money the property would bring if offered and

sold for cash upon the open market at that time. *In re Estate of Woolsey,* 109 Neb. 138, 190 N. W. 215. The rule is easily stated; its practical application is sometimes difficult. The witnesses were, without objection, asked questions that did not confine the answers to a literal interpretation of the rule. It is clear, however, from the record and the decree that the trial court sought fairly to apply the rule in his determination of values. Under the economic conditions existing in this state in 1936, the determination of the cash value of property was more difficult than usual. We find no persuasive reason for holding that the district court erred in fixing the "then cash value" of the various items of property in this estate.

The judgment of the district court is

AFFIRMED.